Juan DAVILA and Olivia
Davila, Appellants,

v.

CORPUS CHRISTI NATIONAL
BANK, Appellee.

Amando G. SALAIZ and Maria I.
Salaiz, Appellants,

v.

MBANK CORPUS CHRISTI, Appellee.

Francisco NUNEZ, Jr. and Rosa Elena
Nunez, Appellants,

v.

SIDING DISTRIBUTORS OF SOUTH
TEXAS and Corpus Christi National
Bank, Appellees.

Nos. 13–86–069–CV, 13–86–070–CV
and 13–86–125–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 29, 1986.

Rehearing Denied Sept. 30, 1986.

Thomas M. Schumacher, Corpus Christi,
for appellants.

Tod Hunter, Kleberg, Dyer, Redford &
Weil, Corpus Christi, and Milton W. Walton, Portland, for appellees.

Gershon M. Ratner, Carolyn B. Lieberman and John Herold, Sr. Trial Atty., U.S.
Dept. of Housing and Development, Richard K. Willard, Asst. Atty. Gen., Anthony
J. Steinmeyer and Bruce G. Forrest, Appellate Staff, Civil Div., Dept. of Justice,
Washington, D.C., for parties in interest.

Before NYE, C.J., and KENNEDY
and SEERDEN, JJ.

OPINION

KENNEDY, Justice.

All of the appellants brought suit
against the respective appellees for violations of TEX.REV.CIV.STAT.ANN. art.
5069–6.01 (Vernon 1971), Chapter Six of the
Texas Consumer Credit Act. The appellees
filed a "Plea in abatement and motion to
dismiss for lack of jurisdiction," which the
trial court granted. Each appellee argued
(1) that the loan transaction is a federal

transaction and not a state transaction to which Chapter Six applies, (2) that the loan transaction was made pursuant to the rules and regulations of the Federal Housing Administration, (3) that appellant improperly filed the lawsuit in Texas district courts when it should have been filed in the federal courts, and (4) that the trial court lacked subject matter jurisdiction.

None of the appellants pleaded for any relief outside the Texas Consumer Credit Act. Appellants did not plead for relief under any federal cause of action. Appellees contend that suit should have been brought originally in the federal courts. However, appellants have pleaded for relief under a cause of action, promulgated by the Texas legislature. The district court has jurisdiction over appellants' causes of action. Each appellant alleged an amount in controversy in excess of $7,000.00 and no other Texas court has exclusive original jurisdiction over this action. TEX. CONST. art. V, §§ 8, 16; TEX. GOV'T.CODE ANN. §§ 24, 26 (Vernon 1986); *see, e.g., De La Fuente v. Home Savings Association,* 669 S.W.2d 137 (Tex. Civ.App.—Corpus Christi 1984, no writ).

The jurisdiction of the federal courts, absent diversity of citizenship, can only encompass "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority...." U.S.C.A. Const. Art. III, § 2; *see Ruiz v. Estelle,* 679 F.2d 1115, 1157 (5th Cir.1982), *cert. denied,* 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983); *Paris v. Profit Sharing Plan for Employees of Howard B. Wolf, Inc.,* 637 F.2d 357, 359 (5th Cir.1981), *cert. denied,* 454 U.S. 836, 102 S.Ct. 140, 70 L.Ed.2d 117 (1981). Appellants' causes of action arise from the laws of Texas.

■ Further, although there was no petition for removal to the federal courts, appellees' argument and the trial court's orders appear to suggest that the *plaintiffs* (appellants) should remove the causes to federal court. The United States Court of Appeals for the Fifth Circuit held:

The well-pleaded complaint rule dictates that a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises under" federal law.... It is insufficient for jurisdictional purposes that the plaintiff asserts that federal law deprives the defendant of a possible defense ... or that the *defendant's anticipated defense* [emphasis ours] would not serve to defeat the plaintiff's claim....

*Powers v. South Central United Food & Commercial Workers Unions and Employers Health & Welfare Trust,* 719 F.2d 760, 764 (5th Cir.1983). We need not speculate as to the meritoriousness of any potential defense appellees may have pursuant to federal regulations governing Federal Housing Administration loans. However, the existence of a potential defense does not deny the district court jurisdiction and the trial court erred in granting the plea in abatement/motion to dismiss. We sustain appellants' points of error.

The orders of the trial court are reversed and the causes are remanded for a trial.